

**IT IS ORDERED as set forth below:**

**Date: May 6, 2021**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>SHIRLEY LETT,<br><br>    Debtor. | CASE NO. 10-61451-BEM<br><br>CHAPTER 7 |
| SHIRLEY WHITE-LETT,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK MELLON CORPORATION, SELECT PORTFOLIO SERVICING, LLC, and NEWREZ, LLC, d/b/a SHELLPOINT MORTGAGE SERVICING INCORPORATED,<br><br>    Defendants. | ADVERSARY PROCEEDING NO. 20-06031-BEM |

**ORDER ON DEFENDANT THE BANK OF NEW YORK MELLON CORPORATION'S
MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendants The Bank of New York Mellon Corporation's ("BONYMC") Motion for Summary Judgment (the "BONYMC MSJ"), filed on January 29, 2021. [Doc. 77] This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(G), (O), and the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

I. **Summary Judgment Standard**

Motions for summary judgment are governed by Federal Rule of Civil Procedure (the "Rule") 56, made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. The Rule requires the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When, as in this proceeding, "the nonmoving party bears the burden of proof at trial, the moving party may discharge this 'initial responsibility' by showing that there is an absence of evidence to support the nonmoving party's case or by showing that the nonmoving party will be unable to prove its case at trial." *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). The movant is required to file a separate statement of facts, numbered separately, as to which it contends there are no genuine issues to be tried. BLR 7056-1(a)(1). Facts set forth in the statement of facts must be supported by "citing to particular parts of materials in the record, including … affidavits …." Rule 56(c)(1). Affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 56(c)(4).

The respondent is required to file a statement of facts, numbered separately, "to which the respondent contends a genuine issue exists to be tried." BLR 7056-1(a)(2). The respondent "may not rest upon the mere allegations or denials in its pleadings" but "must set forth specific facts showing that there is a genuine issue for trial. A mere 'scintilla' of evidence

2

supporting the opposing party's position will not suffice[.]" *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106. S. Ct. 2505, 2512 (1986)). Any material facts not controverted by the respondent are deemed admitted. BLR 7056-1(a)(2). The Court will only grant summary judgment when the evidence, viewed in the light most favorable to the nonmoving party, shows no genuine dispute of material fact. *Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir. 1986). A fact is material if it "might affect the outcome of the suit under the governing law …." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

At the summary judgment stage the Court "'must not resolve factual disputes by weighing conflicting evidence.'" *Tippens*, 805 F.2d at 953 (*quoting Lane v. Celotex Corp.*, 782 F.2d 1526, 1528 (11th Cir. 1986)). Further, "the court may consider any admissible facts and disregard any inadmissible statements occurring in the same affidavit." *Devan v. Zamoiski Southeast, Inc. (In re Merry Go Round Enter., Inc.)*, 272 B.R. 140, 145 (Bankr. D. Md. 2000); *see also Peterson v. Board of Trustees of the Univ. of Ala.*, 644 Fed. Appx. 951, 954 (11th Cir. 2016).

Here, the burden is on the non-moving party, thus BONYMC need not submit affidavits in support of the Motion, but must direct the Court to the portions of the record that contain evidence supporting its position. In response, Plaintiff is required to direct the Court to evidence in the record, including any affidavits filed in response to the summary judgment motion, indicating that a dispute exists in facts material to its claims.

## II. Undisputed Facts

The undisputed facts are as follows:

3

On January 19, 2010, Plaintiff Shirley Lett filed a chapter 7 bankruptcy case in the Northern District of Georgia, Case No. 10-61415 (the "Chapter 7 case") [Complaint ¶ 4; Answer ¶ 4]. On October 25, 2010, a notice of appearance was filed by BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP AS SERVICING AGENT FOR THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27 ("BAC HOME LOANS SERVICING") (Case No. 10-61415, Doc. No. 13) [Complaint ¶ 4; Answer ¶ 4]. On October 27, 2010, BAC HOME LOANS SERVICING filed a Motion for Relief from the Automatic Stay (Case No. 10-61415, Doc. No. 14) [Complaint ¶ 4; Answer ¶ 4]. In Plaintiff's Statement of Intention in her Chapter 7 case, Plaintiff indicated her intention to reaffirm the mortgage on real property located at 456 North St. Mary Lane, Marietta, GA 30064, and named BAC HOME LOANS SERVICING as the creditor related to her mortgage (Case No. 10-61415, Doc. No. 1, pg. 32) [Complaint ¶ 5; Answer ¶ 5]. On February 25, 2011, the Court entered an order granting Plaintiff a discharge, which was served on all creditors in the Chapter 7 case (Case No. 10-61415, Doc. No. 25) [Complaint ¶ 7; Answer ¶ 7]. BAC HOME LOAN SERVICING'S Motion for Relief was withdrawn on January 21, 2011 (Case No. 10-61415, Doc. No. 22). Furthermore, the Chapter 7 docket does not reflect that a reaffirmation agreement for the Debtor's mortgage was ever filed (Case No. 10-61415).[1]

On or about November 16, 2013, servicing of Debtor's mortgage transferred to Select Portfolio Servicing, LLC ("SPS") [Complaint ¶ 8; Answer ¶ 8]. Both parties admit that SPS

---

[1] Pursuant to F.R.C.P. 56(c)(3), the Court may take judicial notice of docket in bankruptcy case no. 10-61415 pending in this Court. While not cited to by either party, under F.R.C.P. 56, the Court may consider facts not cited by the parties that exist in the entire record of the proceedings.

4

offered programs to Plaintiff in an effort to avoid foreclosure on her real property; the extent, content, and details of those offers are disputed [Complaint ¶ 10; Answer ¶ 10]. Servicing of Plaintiff's mortgage transferred to Shellpoint in December of 2016 [Complaint ¶ 26; Answer ¶ 26]. Shellpoint continued to service the loan on behalf of The Bank of New York Mellon, acting as trustee for the certificateholders of CWALT Inc. Alternative Loan Trust 2005-27 Mortgage Pass-Through Certificates Series 2005-27 ("BONYM") [Complaint ¶ 27; Answer ¶ 27]. BONYMC admits that letters were sent from Shellpoint to the Plaintiff on June 7, 2017, July 21, 2017, and July 26, 2017 [Complaint ¶ 28, 29, 52; Answer ¶ 28, 29, 52]. BONYMC admits that, at some point, Shellpoint was made aware of Plaintiff's Chapter 7 case [Complaint ¶ 39; Answer ¶ 39]. At some point in July 2017, Plaintiff submitted a loss mitigation application to Shellpoint, which Shellpoint acknowledged in a letter to Plaintiff dated July 21, 2017 (Complaint, Ex. E) [Complaint ¶ 53; Answer ¶ 53]. On July 26, 2017, Shellpoint sent a letter to Plaintiff informing her that her loan had been referred to foreclosure (Complaint, Ex. F) [Complaint ¶ 55; Answer ¶ 55].

Plaintiff filed her complaint on February 6, 2020 against BONYMC, Select Portfolio Servicing, LLC, and NewRez, LLC d/b/a Shellpoint Mortgage Servicing Inc. [Doc. 1]. On March 13, 2020, BONYMC filed its Answer (the "Answer") [Doc. 10]. In its Answer, BONYMC asserts defenses of issue preclusion, failure to state a claim upon which relief can be granted, claim preclusion, waiver, estoppel, statute of limitations, laches, unclean hands, bad faith, failure to mitigate damages, and res judicata based on a prior lawsuit filed by Plaintiff in the District Court for the Northern District of Georgia alleging violations of the Fair Debt Collection Practices Act against a variety of defendants. Most notably, BONYMC claims it is not the correct

party in interest, as Plaintiff has sued The Bank of New York Mellon Corporation, and the Plaintiff references The Bank of New York Mellon in her Complaint.

In BONYMC's Statement of Undisputed Facts (the "Statement"), it sets forth an additional set of undisputed facts [Doc. No. 77-1]. First, BONYMC is a corporation organized under the laws of Delaware (Statement ¶ 1). In contrast, The Bank of New York Mellon is a bank incorporated under the laws of New York (Statement ¶ 2). The Bank of New York Mellon Corporation owns the Bank of New York Mellon ((Statement ¶ 3). It is undisputed that the Bank of New York Mellon Corporation did not communicate directly with Plaintiff at any time (Statement ¶ 4). SPS and Shellpoint, in communications to Plaintiff, claimed to act on behalf of The Bank of New York Mellon (Statement ¶ 5, Doc. No. 1 at pg. 123). BONYMC argues that there is no evidence of any relationship between itself and Plaintiff beyond that as its role of parent corporation, that piercing the corporate veil is not an option in the instant case, and that the parent-subsidiary relationship alone does not impute liability to BONYMC.

In Plaintiff's Motion to Strike and Response and Objections to the Motion for Summary Judgment, she does not dispute the aforementioned facts [Doc. No. 79]. Instead, she makes legal arguments that because BONYMC *is* the parent owner of BONYM, the BONYMC is directly liable for the negligence and actions of its subsidiary in violating 11 U.S.C. § 524. Plaintiff also argues that the Motion should stricken as untimely filed, and that the exhibits attached to the Motion are generally not admissible (*Id.*).

### III.   Analysis and Conclusions of Law

#### A. Claim for Contempt and Sanctions for Violation of 11 U.S.C. § 524

In her Complaint, Plaintiff generally pleads a claim against all Defendants for violation of 11 U.S.C. § 524. She argues that the myriad of correspondence sent to her are in

violation of the discharge injunction as they are an attempt to personally collect her discharged mortgage.

Section 524(a)(2) states:

"A discharge in a case under this title —
…
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived…"

11 U.S.C. §524(a)(2). This section makes clear that personal liability is discharged when an individual receives a chapter 7 discharge. But, it is equally clear that a chapter 7 discharge does not avoid or otherwise affect a lien against property of the debtor. See, *Long v. Bullard*, 117 U.S. 617, 620-21, 6 S. Ct. 917, 918 (1886) (holding that a secured creditor can ignore a bankruptcy proceeding because it can always look to the lien to satisfy its claim); *See also Universal Am. Mortg. Co. v. Bateman*, 331 F3d. 821, 827 (11th Cir. 2003) (stating that secured creditor need not do anything during bankruptcy because it will always be able to look to the underlying collateral to satisfy its lien); *In re Jennings*, 454 B.R. 252, 255 (Bankr. N.D. Ga. 2011) (Mullins, J.) (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S. Ct. 2150 (1991), for the proposition that "a discharge extinguishes only 'the personal liability of the debtor, 'which is a codification of "the rule in *Long v. Bullard*, 117 U.S. 617, 6 S. Ct. 917. . .")).

To establish a violation of the discharge injunction under 11 U.S.C. § 524, Plaintiff must prove that the BONYMC willfully violated the discharge injunction. The test for determining whether a violation of § 524 has occurred is "if there is no fair ground of doubt as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799, 204 L. Ed. 2d 129 (2019). Other courts have stated

7

that, "a creditor acts willfully when it, with knowledge of a bankruptcy petition, acts deliberately in a manner that violates the stay, even if his actions are not intentionally meant to violate the stay." *Ashley v. Univ. of Ala. Health Servs. Found., PC*, No. 11-04934, A.P. No. 12-00079, 2012 Bankr. LEXIS 4105, *8 (Bankr. N.D. Ala. Sept. 6, 2012). Pursuant to 11 U.S.C. §105, the Bankruptcy Court has the statutory authority to impose sanctions for a violation of the discharge injunction. *Taggart*, 139 S. Ct. 1795, 1801.

Neither BONYMC nor Plaintiff dispute that BONYMC has never had a direct relationship with Plaintiff. It is undisputed that BONYMC did not communicate directly with Plaintiff [Statement ¶ 4]. In her Complaint and Motion to Strike and Response and Objections to the Motion for Summary Judgment, Plaintiff does not argue or set forth any facts to prove any violation of the discharge injunction at the hands of BONYMC [Doc. No. 1, 79]. Instead, Plaintiff relies on the legal argument of agency to impute responsibility to the BONYMC.

### B. BONYMC's Request for Denial of Relief Requested in Complaint based on status as a Parent Corporation and Incorrect Party

In BONYMC's MSJ, it pleads that its position as a parent corporation wholly isolates itself from responsibility for violation of 11 U.S.C. § 524 and any resulting damages. In contrast, while it is not ultimately clear in the Complaint, Plaintiff clarifies in her Motion to Strike and Response and Objections to the Motion for Summary Judgment that she seeks a declaration that the BONYMC is liable for the action of its subsidiary, BONYM, in violating the discharge injunction under an agency theory argument.

As previously discussed, it is undisputed that the BONYMC is the parent of BONYM, a wholly owned subsidiary and a party not named as a defendant. BONYMC cites to the leading case on the topic of parent-subsidiary relations in BONYMC's MSJ, *United States v. Bestfoods*, 524 U.S. 51, 118 S. Ct. 1876 (1998), which stands for the proposition that "[i]t is a

8

general principle of corporate law deeply "ingrained in our economic and legal systems" that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). In its application under Georgia law, "this general rule can only be altered and a parent company can be held liable for the acts or omissions of its wholly-owned subsidiary in instances where: 1) it is appropriate to pierce the corporate veil; 2) there is apparent or ostensible agency; or 3) there is a joint venture." *Jones v. Mortg. Elec. Registration Sys., Inc.*, No. 4:12-CV-00035-HLM, 2012 WL 13028595, at *5 (N.D. Ga. Mar. 12, 2012) (citing *Kissun v. Humana, Inc.*, 267 Ga. 419, 419-20, 479 S.E.2d 751, 753 (1997)).

The United States District Court for the Northern District of Georgia faced an almost identical case in *Jones* on a motion to dismiss, wherein the plaintiffs did not allege any wrongdoing by the parent defendant, but instead argued that its wholly owned subsidiary acted as its agent in an attempted wrongful foreclosure action. The *Jones'* court's analysis of the parent-subsidiary relationship in the mortgage context and explanation of plaintiff's burden to overcome the lax pleading standard assigned in asserting a claim against a parent corporation is instructive. The court held that plaintiff must allege sufficient elements of an agency claim and provide "notice to Defendant [] as to the basis upon which it acted as an agent" to its subsidiary. The Court in *Jones* found that,

> The Complaint does not even include conclusory allegation that Defendant Synovus Financial controlled Synovus Mortgage, or that Defendant Synovus Financial represented that Synovus Mortgage acted on its behalf. Second, Defendants provide uncontroverted affidavits stating that Defendant Synovus Financial and Synovus Mortgage are separate companies, that Synovus Mortgage manages its own day-to-day operations and transactions, and that Defendant Synovus Mortgage did not act or represent that it was acting on behalf of Defendant Synovus Financial. Under those circumstances, the Court finds that Plaintiffs' allegations are insufficient for a Georgia court to find a possible principal-agent relationship between Defendant Synovus Financial and Synovus Mortgage.

9

*Jones*, 2012 WL 13028595, at *6. Application of this analysis yields a different result in the instant case. While Plaintiff makes a variety of conclusory allegations against BONYMC as agent in control of its subsidiary, BONYMC sets forth no affidavits or undisputed facts of its relationship with BONYM beyond the legal status of wholly-owned subsidiary. BONYMC has pointed to nothing in the record that shows who manages day to day operations and transactions of each company, who sets operational standards, and if any agency relationship exists. The evidence attached to BONYM MSJ speaks to nothing more than legal structure between the two entities. Because of the complete lack of evidence on the topic of agency, the Court cannot conclusively find that Plaintiff's agency argument fails. Thus, BONYMC request for a ruling in its favor on summary judgment under a theory of incorrect party or insulation from action based on a parent-subsidiary relationship is denied.

### C. Plaintiff's Motion to Strike

The original deadline to file dispositive motions was January 15, 2021. [Doc. 29]. The Court approved the deadlines set forth in the Rule 26(f) Report in an order entered July 13, 2020 [Doc. 30]. On January 13, 2021, the Defendants collectively filed a Motion to Modify the Case Schedule ("Motion to Modify Case Schedule") set forth in the approved Rule 26(f) Report [Doc. 74]. Plaintiff filed an Objection to the Motion for Extension of the Scheduling Order Deadlines on January 15, 2021 [Doc. 75], and an Amended Objection and Response to Motion for Extension of Scheduling Order Deadlines on January 19, 2021 [Doc. 76]. The BONYMC SMJ was filed on January 29, 2021. In Plaintiff's Response to the BONYMC's MSJ, she restated her objection to an extension. The Court held a hearing on March 4, 2021 in which it granted the BONYMC's Motion to Modify the Case Schedule, followed by an order memorializing the same on March 5, 2021, extending the deadline in which to file dispositive motions until March 12, 2021

10

[Doc 96]. That order resolved all outstanding issues on the motion to extend, including the argument set forth in Plaintiff's Response. Under the extended deadline, the BONYMC MSJ was timely filed. As such, Plaintiff's request to strike the Motion is denied as moot.

### D. Plaintiff's Motion on Admissibility of Evidence

In her Motion to Strike and Response and Objections to the Motion for Summary Judgment, Plaintiff argues that the exhibits to the BONYMC MSJ constitute hearsay, and that the incorporation of footnotes in BONYMC MSJ is not an appropriate means to authenticate such documents [Doc. No. 79]. Plaintiff argues that the exhibits are inadmissible and fail to comply with Fed. R. Civ. P. 56. While the BONYMC refutes this in its reply, a deeper analysis is not necessary [Doc. No. 86]. The entirety of the exhibits purport to prove the legal relationship between BONYMC and BONYM as that of a parent and a wholly owned subsidiary. This is a fact that the Plaintiff does not dispute. Because it is an undisputed fact, reliance on the exhibits is not necessary and Plaintiff's objection to them is moot.

### IV. CONCLUSION

It is undisputed that The Bank of New York Mellon Corporation itself did not violate the discharge injunction of 11 U.S.C. § 524. It is also undisputed that BONYMC is a separate legal entity from its wholly owned subsidiary, The Bank of New York Mellon. There are insufficient undisputed facts before the Court at this time to make a ruling as to a potential agency relationship between the two parties and the ramification of such relationship. Because of this, BONYMC's Motion for Summary Judgment is denied. Similarly, Plaintiff's request to strike the Motion is denied as the topic was previously adjudicated, and any ruling on the admissibility of BONYMC's evidence is mooted by Plaintiff's own admission of the facts the documentary evidence purports to claim.

Based upon the foregoing, it is now hereby,

ORDERED that the Bank of New York Mellon Corporation's Motion for Summary Judgment is DENIED.

**END OF ORDER**

**Distribution List**

Shirley White-Lett
456 North Saint Marys Lane
Marietta, GA 30064

Chandler P. Thompson
Akerman LLP
Suite 725
170 South Main Street
Salt Lake City, UT 84101