**IT IS ORDERED as set forth below:**

**Date: August 3, 2021**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>SHIRLEY LETT,<br><br>    Debtor. | CASE NO. 10-61451-BEM<br><br>CHAPTER 7 |
| SHIRLEY WHITE-LETT,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK MELLON CORPORATION, et al.,<br><br>    Defendants. | ADVERSARY PROCEEDING NO. 20-6031-BEM |

**O R D E R**

**I. Background**

This matter is before the Court on Plaintiff's *Rule 37(c)(1) Motion for Mandatory Exclusion, Rule 37(d) Motion for Sanctions, and Rule 12(f) Motion to Strike* (the "Motion"). [Doc.

103]. In her Motion, Plaintiff alleges that Defendant Select Portfolio Servicing, Inc.[1] ("SPS") failed to make initial disclosures and failed to produce documents or identify witnesses in response to interrogatories and requests for production, then filed a motion for summary judgment and in support attached hundreds of pages of documents that it had not produced to Plaintiff and authenticated those documents through a witness it did not disclose. Plaintiff contends that SPS's evidence is not admissible, but even it if is, it should be excluded under Federal Rules of Civil Procedure 37(c)(1) and (d), and 12(f).

The parties submitted a *Rule 26(f) Report* on July 9, 2020 that provided, among other things, that the parties agreed to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26, and that discovery would be completed by December 18, 2020. [Doc. 29 ¶ 1, 2]. The Report was signed by Plaintiff and by counsel for SPS. The Court entered an order approving the deadlines in the Report on July 13, 2020. [Doc. 30].

Plaintiff filed a certificate of service of her *First Request for Production of Documents, First Interrogatories, and First Request for Admissions* to SPS on November 17, 2020. [Doc. 55]. SPS served its responses on December 17, 2020, one day prior to the close of discovery. [Doc. 65]. Interrogatory 1 and the Answer were as follows:

> 1. If you contend that Plaintiff is not allowed to recover for a violation of the bankruptcy discharge injunction as alleged in the Complaint, then state, in as much detail as possible, (a) each defense upon which you rely as a ground for denial of recovery and the specific facts that support the defense, (b) each and every document or other evidence upon which you may rely that tends to establish any such specific defense(s) and (c) identify any person, their position of employment and current home address and telephone number whom you contend has knowledge concerning any fact(s) upon which you will or may rely.

---

[1] SPS states that Plaintiff incorrectly identified it in the complaint as Select Portfolio Servicing, LLC. [Doc. 99 n.1].

2

> ANSWER:
> SPS refers Plaintiff to its Answer and Affirmative Defenses filed in this matter to identify each defense it intends to rely on as a ground for denial of Plaintiff's recovery in this case. Based on SPS's affirmative defenses, Plaintiff is not entitled to recover from SPS for violation of a bankruptcy discharge injunction because there are no facts or documents showing that SPS intentionally or willfully violated any such injunction as it relates to Plaintiff. Pursuant to Federal Rule of Civil Procedure 33(d), *SPS will produce its internal business records and documents, including Plaintiff's loan servicing statements with SPS, Plaintiff's disputes to SPS, SPS's responses to those disputes from Plaintiff, and Plaintiff's contact history with SPS*, which show that SPS did not have actual knowledge of Plaintiff's bankruptcy proceeding or a discharge injunction. Answering further, *SPS states that a corporate representative of SPS is knowledgeable about these facts, who can be contact [sic] through undersigned counsel*.

[Doc. 103 at 24-25 (emphasis added)]. Interrogatory 2 also requested the name of each individual SPS would or might call at trial. SPS responded as follows:

> SPS objects to this Interrogatory as premature as discovery is ongoing and SPS has not yet determined its list of individuals or witnesses it "will or may call at the trial of this case." Subject to this objection, SPS states that it intends to call a corporate representative of SPS to testify at the final hearing or trial in this case. SPS additionally states that it reserves the right to designate its trial witnesses, including any expert witnesses, in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, and any related Orders of the Court. SPS will supplement its response to this Interrogatory as appropriate and consistent with the same rules and Orders of the Court.

[Id. at 25]. Plaintiff's Request for Production 5 asked SPS to "produce a copy of any and all documents upon which you will rely to support any defense or denial of recovery." [Id. at 32]. SPS responded that it had "not completed its investigation and that discovery in this case is ongoing, and therefore SPS has not determined all documents it intends to rely on at trial in this matter." [Id.].

3

Plaintiff alleges that she sent counsel for SPS an email to remind him of his disclosure and discovery responsibilities. Counsel for SPS responded by email on December 28, 2020 (ten days after the close of discovery), stating:

> Hi Ms. Lett - apologies for the brief delay in getting back to you as I was out of town for the Holidays. I am currently in the process of gathering and preparing a document production to you in response to your request to produce documents. The documents will be produced electronically as those [sic] are how the records are stored with SPS, which I can provide to you over a secure ShareFile link. I anticipate the production link will be sent to you by the end of the week. I will keep you updated.

[Id. at 58]. The content of Plaintiff's email is not in the record, although it appears she sent her email on December 24, 2020. [Id.]. SPS does not dispute that it did not produce any documents to Plaintiff and did not identify its witness by name prior to filing a motion for summary judgment.

Plaintiff filed a motion for summary judgment against SPS and the other defendants in this proceeding on January 11, 2021. [Doc. 72]. In her motion for summary judgment, Plaintiff asserted that any evidence from SPS regarding its lack of knowledge of her bankruptcy or discharge must be excluded under Rule 37(c)(1) because such evidence had not been produced. [Doc. 72 at 23]. On January 13, 2021, SPS, together with the other defendants, filed a motion to modify the case schedule to extend the time to file summary judgment motions. [Doc. 74]. Plaintiff filed a response opposing the extension, and again pointed out SPS's failure to produce documents. [Doc. 76 at 5 & Ex. B]. The Court granted an extension to file summary judgment motions through March 12, 2021. [Doc. 96].

SPS filed its motion for summary judgment on March 12, 2021. [Doc. 99]. In support of the motion, SPS filed the following exhibits: Exhibit A: Security Deed between Plaintiff and Aegis Wholesale Corporation dated May 17, 2005; Exhibit B: Adjustable Rate Note between Plaintiff and Aegis Wholesale Corporation dated May 17, 2005; Exhibit C: (1) Letter from SPS to

4

Plaintiff dated November 19, 2013, indicating that servicing of Plaintiff's mortgage had been transferred to SPS; and (2) Letter from SPS to Plaintiff dated November 14, 2016, indicating that servicing of Plaintiff's mortgage had been transferred to Shellpoint; Exhibit D: A document titled Contact History, covering the time period of November 21, 2013 through December 2, 2013; Exhibit E: correspondence between Plaintiff and SPS. SPS also filed a *Declaration in Support of Its Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment*, which was made by Diane Weinberger, a Document Control Officer for SPS (the "Weinberger Declaration"). [Doc. 99-1].

## II. Analysis

### A. Sanctions under Rule 37

Plaintiff has requested sanctions under Rules 37(c)(1) and (d) on the ground that SPS failed to make disclosures required by Rules 26(a) and (e) and failed to respond to interrogatories. Plaintiff seeks exclusion of SPS's exhibits and witness under Rule 37(c)(1) and she seeks to strike SPS's defenses under Rule 37(d). SPS contends that any failure on its part was substantially justified or harmless. Additionally, SPS contends that under local bankruptcy rules Plaintiff was required to file a motion to compel discovery prior to seeking sanctions, which she failed to do.

#### 1. Rule 37(c)(1)

Rule 26(a)(1) requires parties to make certain disclosures without a discovery request, including "the name and, if known, the address and telephone number of each individual likely to have discoverable information" and "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things" that the disclosing party has in its possession and may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i),

5

Case 20-06031-bem    Doc 112    Filed 08/04/21    Entered 08/04/21 07:34:19    Desc Main
Document      Page 6 of 17

(ii). Rule 26(e) requires supplementation of the initial disclosures and responses to discovery requests if the disclosures are incomplete or incorrect. Rule 37(c)(1) provides sanctions for failure to make such disclosures as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>     (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>     (B) may inform the jury of the party's failure; and
>     (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

It is undisputed that SPS did not provide initial disclosures. Additionally, the docket in this proceeding does not show a certificate of service for initial disclosures under Rule 26 by SPS.[2] *See* BLR 7026-3(a). Plaintiff argues that SPS's documents and the Weinstein Declaration must be excluded because neither the documents nor Ms. Weinstein were disclosed. As the nondisclosing party, SPS has the burden of proving its failure to disclose was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

"[A]n individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 846 F. Supp.2d 1335, 1358 (N.D. Ga. 2012) (citations and quotation marks omitted). "The proponent's position must have a reasonable basis in law and fact." *Insect Sci. Res., LLC v. Timberline*

---

[2] Likewise, there is no certificate of service on the docket for Rule 26 disclosures by Plaintiff. By contrast, Defendants Newrez, LLC and Bank of New York Mellon Corporation filed a certificate of service of initial disclosures on October 28, 2020 [Doc. 46] and certificate of service of first supplemental disclosures on November 9, 2020 [Doc. 49].

*Fisheries Corp.*, No. 1:07-CV-2662-JEC-AJB, 2008 WL 11333460, at *12 (N.D. Ga. Nov. 30, 2008), report and recommendation adopted, No. 1:07-CV-2662-JEC, 2009 WL 10672372 (N.D. Ga. Feb. 10, 2009). "A discovery mistake is harmless if it is honest, and is coupled with the other party having sufficient knowledge that the material has not been produced." *Delta/AirTran*, 846 F. Supp.2d at 1358 (citation and quotation marks omitted). Factors considered by courts to determine whether the discovery conduct is harmless include: "(1) the prejudice or surprise to the opposing party; (2) the ability to cure the prejudice; (3) the importance of the testimony; and (4) the reason for the failure to disclose (bad faith or willfulness)." *Insect Sci. Res.*, 2008 WL 11333460, at *12; *see also Cooley v. Great So. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) ("In reviewing for abuse of discretion a court's exclusion of a non-disclosed witness, we consider (1) the importance of the testimony, (2) the reasons for the … failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify.") (internal quotation marks and citation omitted).

Even if the nondisclosing party fails to establish that its nondisclosure was substantially justified or harmless, Rule 37(c) provides that "in addition to *or instead of*" exclusion of evidence, the Court may "impose other appropriate sanctions[.]" Fed. R. Civ. P. 37(c)(1)(C) (emphasis added). "[A]lthough exclusion may be 'self-executing' and 'automatic' as in the sanction may be awarded without a motion, exclusion is not 'automatic' in the sense that the Court is required to exclude the evidence absent substantial justification or harmlessness." *Pitts v. HP Pelzer Automotive Sys., Inc.*, 331 F.R.D. 688, 695-96 (S.D. Ga. 2019); *see also Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019) ("Rule 37 gives a trial court discretion to decide how best to respond to a litigant's failure to make a required disclosure under Rule 26.").

7

SPS contends that the failure to disclose its exhibits is harmless because Plaintiff knew about the documents attached to the Weinberger Declaration, as they were identified in SPS's answers to interrogatories and the majority of the documents were disputes raised by Plaintiff and SPS's responses to those disputes. SPS contends it was substantially justified in not identifying Ms. Weinberger as a witness because "the Eleventh Circuit has not yet decided whether Rule 26 requires corporate defendants to specifically identify witnesses who may simply testify regarding general corporate policies or documents" and "there is authority on both sides of the issue." *Barron v. EverBank*, No. 1:16-cv-04595, 2019 WL 1495305, at *3 (N.D. Ga. Feb. 7, 2019).

BLR 7016-1(a)(4) and the Court's form order for the Rule 26(f) conference allow parties choose whether to exchange Rule 26(a) disclosures. [Doc. 27]. The parties in this proceeding affirmatively agreed to make initial disclosures even though they could have waived them. [Doc. 29].  However, it appears from the docket that neither Plaintiff nor SPS made such disclosures notwithstanding the Court's order adopting the parties' agreement to make such disclosures and adopting the parties' proposed discovery schedule. It should go without saying that this is not the appropriate way to proceed. Notwithstanding, the Court agrees that the failure to make initial disclosures with respect to the exhibits is harmless apart from the additional time necessary for the Court to address the parties' failure to make initial disclosures.

Rule 26(a)(1)(A)(ii) requires disclosure of a copy or "a description" of documents the disclosing party has in its possession and intends to rely upon. SPS provided such a description in its answer to Plaintiff's Interrogatory 1. However, Rule 26(a)(1)(C) requires initial disclosures be made "within 14 days after the parties' Rule 26(f) conference" with some exceptions not applicable here. The parties' Report of Rule 26(f) Conference was filed on July 9, 2020, such that the initial disclosures were due by July 23, 2020. In terms of receiving initial disclosures, Plaintiff

8

was arguably prejudiced because the disclosure was not made until December 17, 2020, almost five months after that deadline.[3] The Court does not find any prejudice suffered by Plaintiff sufficient to exclude SPS's exhibits when the prejudice can be remedied by reopening discovery between the parties for 45 days. This is especially true because exclusion of evidence is generally reserved for those who withhold information in bad faith and there is no indication of bad faith here. The extension will also afford Plaintiff an opportunity to conduct any additional discovery she believes is warranted after review of the "internal business records and documents" in SPS's possession that were neither produced nor included with SPS's motion for summary judgment.

With respect to the disclosure of Ms. Weinberger, Rule 26(a) requires disclosure of a witness's name, and Rule 26(e) requires a party to supplement both its initial disclosures and discovery responses. SPS did not make initial disclosures, did not name Ms. Weinberger in its discovery responses, and never updated its discovery responses once SPS determined it would rely on Ms. Weinberger for its summary judgment motion. However, as SPS noted, courts are divided on whether a corporation must provide the name of a corporate representative. *Barron v. EverBank*, 2019 WL 1495305, at *3 (citing cases). Even if the split of authority does not provide substantial justification for SPS's failure to disclose Ms. Weinberger's name, the nondisclosure is harmless for the same reasons the failure to produce documents is harmless and because Plaintiff was aware of SPS's intent to rely on a corporate representative. *See Hooks v. GEICO Gen. Ins. Co., Inc.*, No. 3:13-cv-891-J-34JBT, 2016 WL 5415134, at *7-8 (M.D. Fla. Sept. 28, 2016), *aff'd* 696 F. App'x 665 (11th Cir. 2017). Therefore, the Court will not exclude SPS's exhibits or witness under Rule 37(c)(1).

---

[3] Neither party sought an extension of the discovery period.

9

### 2. Rule 37(d)

Rule 37(d) authorizes sanctions when a "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Here, Plaintiff served interrogatories and requests for production of documents on SPS. SPS answered the interrogatories and indicated that it would produce the requested documents electronically. To the extent Plaintiff seeks sanctions due to asserted deficiencies in the interrogatory responses, sanctions are not appropriate, because SPS did answer the interrogatories. *Matter of Johnson*, No. 16-64555, AP 17-05063-LRC, 2017 WL 6371347, at *3 (Bankr. N.D. Ga. Dec. 12, 2017) (Ritchey Craig, J.). The proper remedy for incomplete or insufficient responses is to file a motion to compel under Rule 37(a). *Id.* No such motion has been filed.

Plaintiff also asserts that SPS never produced the documents she requested, and SPS does not dispute that assertion. Failure to produce documents is a basis for seeking sanctions under Rule 37(d). *OTS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1366 (11th Cir. 2008). However, "[a] motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Plaintiff's Motion includes no such certification. She does reference an email she received from counsel for SPS on December 28, 2020, in which counsel said he was "in the process of gathering and preparing a document production to you …." [Doc. 103 at 58]. But there is no record of Plaintiff's communication to SPS's counsel. Therefore, Plaintiff is not entitled to sanctions under Rule 37(d). However, because it is undisputed that responsive documents have not

10

been produced and were to be provided under Rule 34(b)(2)(B), the Court will direct that all such documents be produced to Plaintiff on or before 10 days after entry of this Order.

### B. Admissibility of SPS's Evidence

Plaintiff also argues that SPS's evidence is not admissible. Federal Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056, provides as follows with respect to support for assertions of fact and the admissibility of evidence:

> (c) Procedures.
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c). Plaintiff contends the note and security deed [Ex. A and B] are not relevant to the question of whether SPS attempted to collect a discharged debt. But if they are relevant, they cannot be authenticated as business records because they are not hearsay. Instead, they must be authenticated as writings. Fed. R. Evid. 1001. Therefore, Plaintiff argues, SPS must produce originals. Fed. R. Evid. 1002.

11

First, the note and security deed are relevant to the claims in Plaintiff's complaint. Plaintiff's complaint alleges that SPS attempted to enforce the debt against Plaintiff personally after it had been discharged. The note and security deed go to the existence and nature of that debt, as well as showing whether the debt was incurred prepetition.

Second, Plaintiff is correct that the note and security deed are not hearsay and therefore cannot be authenticated through the business records exception to hearsay. The documents are contracts, which are writings with independent legal significance such that they are nonhearsay. *JPMorgan Chase Bank, N.A. v. AME Fin. Corp.*, No. 1:08-cv-2543, 2009 WL 10668518, at *2 (N.D. Ga. Sept. 25, 2009) (citing *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994)). Such documents may be authenticated by testimony of a witness with knowledge that "an item is what is it is claimed to be." Fed. R. Evd. 901(b)(1). The Weinberger Declaration satisfies this requirement because it asserts that Ms. Weinberger has access to the SPS loan records, has knowledge of how the records are maintained, has reviewed the records, and the note and security deed are reflected in the records. [Doc. 99-1 ¶ 3-5]. This analysis applies to all the exhibits submitted by SPS. Plaintiff argues the Weinberger Declaration did not lay a foundation for any of the exhibits submitted by SPS and that except for some letters SPS received from Plaintiff, Weinberger did not explain what the other documents showed or why they were included. The Court disagrees. For the reasons stated above, the Weinberger Declaration is sufficient to lay a foundation for and to authenticate all of SPS's exhibits.

Third, originals of the note and security deed are not required. "A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. Plaintiff admitted in her motion for summary judgment that she signed a note to Aegis Wholesale

12

Mortgage Corporation to refinance her residence, and that she scheduled the debt as secured in her bankruptcy schedules. [Doc. 73 ¶ 1, 2]. Plaintiff has not asserted any question, genuine or otherwise, about the authenticity of SPS's documents, nor has she produced a different version of the documents or shown that it would be unfair to admit the note and security deed.[4] *See U.S. v. Ramentol*, 410 F. App'x 236, 242 (11th Cir. 2010); *Pearson v. Bank of New York Mellon*, No. 1:10-cv-3948, 2011 WL 13319047, at *5 n.3 (N.D. Ga. Jan. 20, 2011) (report and recommendation *adopted by* 2011 WL 13310309 (N.D. Ga. Mar. 30, 2011)). Therefore, the Court finds the copies are admissible.

Plaintiff argues that SPS raises as a defense that she never communicated her bankruptcy to SPS and that it has only provided documents related to her communications with SPS. Plaintiff argues the relevant question is whether SPS knew about her bankruptcy from any source, including the prior loan servicer. Plaintiff contends the documents are only relevant if SPS contends it had no knowledge of the bankruptcy from any source; instead it merely contends it had no knowledge from Plaintiff. However, Plaintiff's complaint alleges that SPS had knowledge of her bankruptcy due to a phone call between Plaintiff and SPS. [Doc. 1 ¶ 10, 38]. Plaintiff's motion for summary judgment similarly asserts as an undisputed fact that Plaintiff mentioned her bankruptcy in a phone call with SPS. [Doc. 73 p.8-9, ¶ 24]. Therefore, evidence related to Plaintiff's communications with SPS regarding her bankruptcy is relevant. For the foregoing reasons, Plaintiff's objections to the admissibility of SPS's exhibits will be denied.

---

[4] In response to a motion for summary judgment filed by Defendant Shellpoint Mortgage Servicing, Plaintiff claimed that the copy of the security deed filed as an exhibit to Shellpoint's motion "does not appear to be a genuine copy of my Security Deed nor of my signature." [Doc. 90 at 31]. She did not make any similar allegation with respect to the copies provided by SPS.

13

### C. Rule 12(f)

The Court will next consider Plaintiff's request under Federal Rule of Civil Procedure 12(f), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), to strike certain of SPS's defenses. Rule 12(f) provides as follows:

> The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either *before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading*.

Fed. R. Civ. P. 12(f) (emphasis added).

Rule 7 sets forth the pleadings allowed as a complaint; a third-party complaint; an answer to a complaint, counterclaim, crossclaim, or third-party complaint; and if ordered by the court, a reply to an answer. Fed. R. Civ. P. 7, made applicable by Fed. R. Bankr. P. 7007. Motions are not pleadings. *Circle Grp, LLC v. Southeastern Carpenters Reg'l Council*, 836 F. Supp.2d 1327, 1347 (N.D. Ga. 2011); *accord Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995) (quoting *Chilivis v. S.E.C.*, 673 F.2d 1205, 1209 (11th Cir. 1982)) ("'neither a motion to dismiss nor a motion for summary judgment constitutes responsive pleadings for purposes of the federal rules.'"); *Polite v. Dougherty Cty. Sch. Sys.*, 314 F. App'x 180, 184 n.7 (11th Cir. 2008) (finding no error in district's denial of motion to strike because "motions to strike are only appropriately addressed towards matters contained in the pleadings; here, the affidavit was submitted as part of the motion for summary judgment, which is not a pleading."); *but see Stephens v. Georgia Dep't of Transp.*, 134 F. App'x 320, 323-24 (11th Cir. 2005) (citing Fed. R. Civ. P. 12(f)) ("district court did not abuse its discretion in striking portions of [the plaintiff's] motion for summary judgment because it contained 'immaterial, impertinent, or scandalous matter.'"). As stated above, Plaintiff

14

contends that SPS asserts a defense based on Plaintiff's failure to communicate her bankruptcy to SPS. Plaintiff argues this defense is insufficient and should be stricken because the question is whether SPS had any knowledge of the bankruptcy. Here, SPS filed and served its answer on June 4, 2020. [Doc. 26]. It has filed no other pleadings as defined by Rule 7. Plaintiff filed the Motion on March 25, 2021. Therefore, any request for relief under Rule 12(f) is untimely and will be denied.

However, even if the Motion were timely for purposes of Rule 12(f), Plaintiff would not be entitled to relief. SPS's answer listed twelve affirmative defenses, none of which were based on Plaintiff's failure to communicate her bankruptcy to SPS, or based on any lack of knowledge by SPS of Plaintiff's bankruptcy. [Doc. 26]. To the extent SPS's knowledge of the discharge is an essential element of Plaintiff's claim, SPS's attempt to refute that element is not in the nature of an affirmative defense. Fed. R. Civ. P. 8(c)(1); *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). To the extent Plaintiff is seeking to exclude any evidence or legal arguments offered by SPS on its motion for summary judgment, Rule 26(f) is not the appropriate mechanism to do so, and that request will be denied.

**III. Conclusion**

For the foregoing reasons, the Court finds that SPS's failure to make initial or supplemental disclosures under Rules 26(a) and (e) was harmless such that exclusion of SPS's evidence and the Weinberger Declaration is not mandated under Rule 37(c). Additionally, Plaintiff is not entitled to sanctions under Rule 37(d) because she failed to submit the required certification of a good faith effort to confer with SPS. Finally, Plaintiff is not entitled to strike any defenses of SPS because her motion under Rule 12(f) is untimely. Accordingly, it is

15

ORDERED that Plaintiff's Motion is DENIED; it is further

ORDERED that SPS is directed to produce to Plaintiff all documents referenced in its responses to Plaintiff's discovery requests no later than 10 days from the date of entry of this Order; and it is further

ORDERED that discovery between Plaintiff and SPS shall be reopened for 45 days commencing on the date that is 10 days after the date of entry of this Order.

**END OF ORDER**

## Distribution List

Shirley White-Lett
456 North Saint Marys Lane
Marietta, GA 30064

Grant E. Schnell
Holland & Knight LLP
1180 West Peachtree Street, NW
Suite 1800
Atlanta, GA 30309

Chandler P. Thompson
Akerman LLP
Suite 725
170 South Main Street
Salt Lake City, UT 84101