**IT IS ORDERED as set forth below:**

**Date: March 23, 2022**



_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> SHIRLEY LETT, <br><br>   Debtor. | CASE NO. 10-61451-BEM <br><br> CHAPTER 7 |
| SHIRLEY WHITE-LETT, <br><br>   Plaintiff, <br><br> v. <br><br> BANK OF NEW YORK MELLON CORPORATION, et al., <br><br>   Defendants. | ADVERSARY PROCEEDING NO. 20-6031-BEM |

## O R D E R

This matter is before the Court on *Plaintiff's Motion for Reconsideration of January 24 Order Denying Her Motion for Summary Judgment* (the "Motion to Reconsider"). [Doc. 164].

Plaintiff and Select Portfolio Servicing, Inc. ("SPS") filed cross motions for summary judgment

on Plaintiff's claim that SPS violated her discharge injunction. [Docs. 72, 99]. On January 24, 2022, the Court entered an order denying both motions (the "Summary Judgment Order"). [Doc. 162]. By the Motion to Reconsider, Plaintiff seeks reconsideration of the ruling on her motion for summary judgment.

**I. Motion to Reconsider Standard**

Federal Rule of Civil Procedure 59(e), made applicable by Federal Rule of Bankruptcy Procedure 9023, authorizes the Court to alter or amend a judgment "if there is newly-discovered evidence or manifest errors of law or fact." *Metlife Life and Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018). It may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Nor may it be used merely to request reexamination of an unfavorable ruling. *Id.*; *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

**II. Legal Analysis**

In the Summary Judgment Order, the Court determined factual issues regarding SPS's knowledge of Plaintiff's discharge precluded summary judgment for Plaintiff. Plaintiff contends the Court erred by misapplying the relevant law and disregarding certain undisputed evidence.

**A. Application of *Taggart***

Plaintiff argues that the Court erred in applying *Taggart v. Lorenzen,* 139 S. Ct. 1795 (2019), which sets forth the standard for imposing sanctions for a violation of the discharge injunction. Plaintiff contends *Taggart* only applies when the creditor knew about the discharge injunction and does not apply when the creditor denies knowledge. Here, Plaintiff says, SPS has

2

attempted to establish it had no knowledge of her discharge, such that *Taggart* does not apply. In making this argument Plaintiff describes *Taggart* as an exception to liability for sanctions or a defense to liability and repeatedly mentions SPS's inability to prove its lack of knowledge. Plaintiff further contends that any *Taggart* defense is barred in this case because SPS did not disclose the defense in discovery and SPS did not articulate any legal or factual basis justifying its violation of the discharge injunction.

The burden of proof on the claim for discharge injunction lies with Plaintiff and must be established by clear and convincing evidence. *Daniels v. Howe Law Firm, P.C. (In re Daniels)*, 591 B.R. 814, 822 (Bankr. N.D. Ga. 2018) (Ritchey Craig, J.) (citations omitted). In the Summary Judgment Order, the Court found that SPS violated the discharge injunction by sending mortgage statements to Plaintiff. [Doc. 162 at 13]. Once such a violation has been established, sanctions for civil contempt may be imposed if "there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Taggart*, 139 S. Ct. at 1799.

The Eleventh Circuit has described a burden-shifting framework for establishing liability for civil contempt:

> A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order. … Once this prima facie showing is made, the burden of production shifts to the alleged contemnor to produce evidence explaining his noncompliance. … If the alleged contemnor makes a sufficient showing, the burden shifts back to the initiating party, who retains the ultimate burden of proving contempt by showing that the alleged contemnor was able to comply.

*N.L.R.B. v. Triple A Fire Prot., Inc.*, No. 96-6944, 2002 WL 987269, at *4 (11th Cir. Feb. 5, 2002); *see also In re Mellem*, 625 B.R. 172, 178 (B.A.P. 9th Cir. 2021) ("If the movant establishes the threshold elements, the burden of going forward shifts to the responding party to show that it was

3

impossible to comply with the discharge order. … The ultimate burden of persuasion remains on the movant to show, per *Taggart*, no objectively reasonable basis for concluding that the alleged contemnor's conduct might be lawful under the discharge order."); *In re Kimball Hill, Inc.*, 620 B.R. 894, 907 (Bankr. N.D. Ill. 2020). Because *Taggart* established that sanctions for a discharge violation are in the nature of civil contempt, *Taggart* itself is not a "defense" or an "exception" to liability as Plaintiff argues. Instead, *Taggart* sets forth the analytical framework for determining whether sanctions should be imposed.

Plaintiff has asked the Court to reconsider its denial of her summary judgment motion. Therefore, in this context, SPS is the nonmoving party.[1] When the nonmoving party has the burden at trial, the moving party can establish its entitlement to summary judgment by either pointing to specific portions of the record that show the nonmoving party cannot meet its burden of proof at trial or by providing affirmative evidence to negate the nonmoving party's case. *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994). But, "it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

Here, Plaintiff established that SPS violated the discharge injunction with its mortgage statements, which shifts the burden of production to SPS. As in *Triple A Fire Protection*, in which both parties sought summary judgment on a civil contempt claim, whether SPS has satisfied its burden of production is a question of fact that the record is insufficient to answer. 2002 WL 987269, at *4. Plaintiff has not shown that SPS will be unable to meet its burden of production at trial nor, as explained more fully below, has she produced evidence to negate SPS's ability to do so.

---

[1] Neither party has asked the Court to reconsider its denial of SPS's motion for summary judgment.

4

Additionally, Plaintiff's argument that *Taggart* does not apply when a creditor denies knowledge of the discharge injunction is without merit. A creditor's knowledge or lack of knowledge is directly relevant to whether it had an objectively reasonably basis for believing its conduct did not violate the discharge injunction. When a creditor lacks knowledge of the discharge injunction, that provides an objectively reasonable basis for believing its conduct is lawful. Therefore, as stated in the Summary Judgment Order, to be liable for sanctions under *Taggart*, the creditor must be aware of the discharge injunction.

### B. Undisputed Facts

Plaintiff argues that she has put forth undisputed evidence that SPS had knowledge of her bankruptcy discharge, which was omitted from the Court's analysis. All the evidence Plaintiff cites comes from the *Amended Declaration of Shirley White-Lett* (the "Amended Declaration"). [Doc. 127], Plaintiff's *Amended Response to the Motion for Summary Judgment of Select Portfolio Servicing Inc*. (the "Amended Response") [Doc. 157], and Plaintiff's *Supplemental Statement of Facts in Opposition to Motion for Summary Judgment of Select Portfolio Servicing Incorporated* (the "Supplemental SOF"). [Doc. 158]. Plaintiff's motion for summary judgment and accompanying *Statement of Material Facts Not Genuinely Disputed in Support of Summary Judgment* (the "SMF") [Doc. 73] was filed on January 11, 2021. Plaintiff's Amended Declaration was filed on September 23, 2021. It stated that it was filed "in support of my opposition to summary judgment by SPS and for use for any other purpose." [Doc. 127 at 1]. The Amended Declaration further stated that it was filed after Plaintiff received a contact history from SPS and was able to refresh her memory from that contact history. [Id. n.1]. Plaintiff did not seek to amend or supplement the SMF filed with her motion for summary judgment to cite to the

5

Amended Declaration.[2] When deciding a motion for summary judgment the Court may consider materials in the record that are not cited by the parties in support of their factual positions, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3). Therefore, it was not error for the Court to disregard the Amended Declaration, the Supplemental SOF, and arguments made in the Amended Response in the context of Plaintiff's motion for summary judgment.

The only allegation in Plaintiff's SMF relating to SPS's knowledge of her bankruptcy was ¶ 24, which stated:

> In November 2013, Plaintiff received notice from SPS that SPS would be the new servicer and informing her of the opportunity to apply for a loan modification. The letter also gave a contact phone number. Plaintiff immediately called the number and sought to inform one of its representatives concerning the problems she had been having with Bank of America …. Plaintiff also informed this representative that she had not been told whether her loan was reaffirmed in chapter 7. SPS responded by asserting a lack of knowledge as to reaffirmation ….

[Doc. 73 ¶ 24]. In response, SPS disputed that a phone call took place in November 2013[3] and provided excerpts of the contact history showing no such phone call. [Doc. 100 at 11; Doc. 99-2 at 32]. Although not stated in her SMF, Plaintiff's complaint alleged that "SPS was given knowledge of the bankruptcy discharge early on by Plaintiff in a telephone conversation concerning whether the loan had been reaffirmed." [Doc. 1 ¶ 38]. In ¶ 38, of the complaint she cited to ¶ 10 of the complaint which said that the call took place "in or around February 2014[.]"

---

[2] By contrast, the Court did grant Plaintiff's request for opportunity to supplement her response to SPS's motion for summary judgment. [Docs. 115, 130]. As stated in the Summary Judgment Order, SPS did not file a separate statement of material facts with its motion for summary judgment, and therefore the Court did not consider the Supplemental SOF and denied SPS's motion. [Doc. 162 at 4 n.1]. Plaintiff and SPS's motions for summary judgment were considered on separate and individual bases [Id. at 3], and by supplementing her response to SPS's motion, Plaintiff did not supplement her own motion. If Plaintiff had supplemented her motion, SPS would have been given an opportunity to supplement its response.

[3] Plaintiff argues that she never said a phone call took place in November 2013. However, she did say the phone call took place *immediately* after she received the new servicer letter in November 2013. As a result, it is reasonable to infer that her phone call also took place in November 2013 given that she did not provide any other reference for the date of the phone call.

6

[Id. ¶ 10]. SPS denied ¶ 38 and denied ¶ 10 due to lack of knowledge or information. [Doc. 26 ¶ 10, 38]. These were the facts the Court considered in the Summary Judgment Order. [Doc. 162 at 15]. Plaintiff has not shown that the Court erred in concluding that these facts fail to demonstrate that SPS knew of the discharge or was ignorant of the discharge precluding summary judgment. To the extent the burden-shifting framework for civil contempt required SPS to come forth with evidence explaining its failure to comply with the discharge order, SPS satisfied this burden by producing an excerpt from its contact history covering the period of November 2013.

In the Supplemental SOF, Plaintiff asserts that she spoke with an SPS employee named Darrell in December 2013 and that she informed Darrell of her discharge. [Doc. 158 ¶ 61]. Even if the Court were to consider the Supplemental SOF (which it does not), the contact history attached to the Amended Declaration creates a dispute of fact. Although it reflects a December 7, 2013 conversation between Plaintiff and Darrell McBride, the notes of that conversation do not include any mention of bankruptcy, reaffirmation, or discharge.[4] [Doc. 127 at 334].

Plaintiff also argues that mortgage statements sent by SPS are evidence that it knew about her bankruptcy case because they contained the language: "NOTE: If you are currently sending all or part of your payment to the bankruptcy trustee please disregard the Select Portfolio Servicing Incorporated payment address for that portion you are sending to the trustee." This is a conditional statement. It does not tend to show that SPS was aware that Plaintiff had filed for bankruptcy. Instead, it tends to show that SPS recognizes that some individuals whose loans it services may be in a Chapter 13 bankruptcy that requires them to submit all or part of their

---

[4] Plaintiff has made other arguments about SPS's knowledge of her discharge based on her interpretation of abbreviations and notes in the comment history, including "BK Contact: Jo-Ann Goldman," and her characterization of responses made by SPS representative Diane Weinberger in a deposition. The Court need not consider these facts and arguments because they are not part of Plaintiff's motion for summary judgment but were instead raised in response to SPS's motion for summary judgment, which was denied. Furthermore, the Court has previously addressed Plaintiff's penchant for mischaracterizing evidence and asserting her opinion as fact in its order of January 6, 2022. [Doc. 159].

7

mortgage payment to the trustee.[5] Therefore, this language in the mortgage statement does not show the Court erred in denying summary judgment to Plaintiff.

Plaintiff also argues that the Court failed to address her argument that even if SPS did not know of the discharge, it knew of her bankruptcy and had a duty to inquire into her discharge. Even assuming Plaintiff is correct on the law, nothing in the undisputed material facts demonstrates that SPS knew about Plaintiff's bankruptcy. [Doc. 162 at 4-6, 15]. The Court was not required to consider evidence not cited in Plaintiff's SOF, and need not consider it now. However, Plaintiff also points to SPS's *Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment* [Doc. 99] as containing an admission that SPS was aware of Plaintiff's bankruptcy case. Specifically, Plaintiff identifies the following passage as containing the admission:

> Plaintiff concedes that she herself is confused about whether the amounts owed under the Note and Security Deed were discharged or reaffirmed. Dkt. 1, ¶ 1. Indeed, she expressed an intent to reaffirm the debt in her bankruptcy schedules. See Pl.'s Dec., p. 25 of 249. If Plaintiff herself was confused about the status of her debt following bankruptcy, it stands to reason that there are fair grounds upon which to believe that the debt was not discharged.

[Id. at 6]. Nowhere in this passage does SPS say it knew of Plaintiff's bankruptcy. Instead, it characterizes Plaintiff's allegations and declarations (that she had filed a statement of intention to reaffirm her mortgage debt but was unsure if she had actually reaffirmed it) and draws a conclusion from them (that Plaintiff's own uncertainty about whether the mortgage debt was discharged shows a fair ground of doubt about whether it was discharged). The Court disagrees that this constitutes an admission by SPS that it knew of Plaintiff's bankruptcy case. Therefore, it is not a basis for reconsideration of the Summary Judgment Order.

---

[5] Plaintiff filed her bankruptcy case under Chapter 7, which does not require submission of a mortgage payment to the trustee.

8

For the foregoing reasons, Plaintiff has failed to show that the Court erred in concluding that a factual issue remains as to SPS's knowledge of the discharge injunction. Accordingly, it is

ORDERED that the Motion for Reconsideration is DENIED.

**END OF ORDER**

## **Distribution List**

Shirley White-Lett
456 North Saint Marys Lane
Marietta, GA 30064

Grant E. Schnell
Holland & Knight LLP
1180 West Peachtree Street, NW
Suite 1800
Atlanta, GA 30309