

**IT IS ORDERED as set forth below:**

**Date: April 4, 2023**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>SHIRLEY LETT,<br><br>　　Debtor. | CASE NO. 10-61451-BEM<br>CHAPTER 7 |
| SHIRLEY WHITE-LETT,<br><br>　　Plaintiff,<br><br>v.<br>BANK OF NEW YORK MELLON<br>CORPORATION, et al.,<br><br>　　Defendants. | ADVERSARY PROCEEDING NO.<br>20-6031-BEM |

# O R D E R

This matter is before the Court on *Plaintiff's Motion for Extension of Deadline to File Notice of Appeal*, filed on March 14, 2023 (the "Motion"). [Doc. 227]. Plaintiff seeks an

extension of time to appeal the Court's final judgment entered on February 27, 2023, and all other prior interlocutory orders and rulings. The deadline for filing a notice of appeal of the judgment was 14 days after its entry or March 13, 2023. Fed. R. Civ. P. 8002(a)(1). However, the Court "may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." *Id.* 8002(d)(1). Plaintiff contends the Motion is timely under subpart (d)(1)(B) because she can show excusable neglect.

Plaintiff's Motion includes a declaration in which she asserts the following facts: Plaintiff arrived at the Federal Building to file papers including her notice of appeal but realized she inadvertently left her notice of appeal at home. At that time, Plaintiff had three hours to return home and back to the Courthouse, which was more than enough time to make it back before the closing of the Clerk's Office at 4:00 p.m. On the return trip to the Courthouse after gathering the notice of appeal, Plaintiff's car got a flat tire. Realizing she would not make it to the Courthouse before it closed, Plaintiff contacted chambers via telephone and was advised by chambers staff that as a pro se litigant, the only way to present a motion relating to her appeal was by hand delivery or mail. Plaintiff sent a follow-up email to chambers, copied to counsel for Defendant Select Portfolio Servicing, LLC ("SPS"), confirming the conversation. [Doc. 227, Ex. A]. A copy of the email dated March 13, 2023, at 4:41 p.m. is attached to the declaration.[1]

To succeed on her Motion, Plaintiff must show excusable neglect for her failure to timely file a notice of appeal. The Supreme Court has established a four-factor test for determining

---

[1] In her reply brief, Plaintiff attributes missing the appeal deadline in part to chambers' staff failure to apprise her of all possible solutions. [Doc. 229]. However, chambers staff cannot give legal advice and the information it did provide to Plaintiff regarding the procedure for filing a notice of appeal was accurate pursuant to General Order 45-2021, which provides: "Pro Se Debtors may not use the Emergency Filing System (1) for a notice of an appeal, or any other pleadings related to an appeal or (2) for an adversary proceeding complaint, or any other pleadings related to an adversary proceeding. *Documents and pleadings related to appeals and adversary proceedings must be submitted via U.S. Mail or hand-delivery to the Clerk's Office* in any of the Court's four locations." (emphasis added).

2

whether a party has shown excusable neglect for missing a deadline: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). The *Pioneer* factors apply to motions to extend the time to file a notice of appeal under Rule 8002. *In re Bailey*, 521 F. App'x 920, 921 (11th Cir. 2013).

In applying *Pioneer*, the Eleventh Circuit has said that "the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration[.]" *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). However, "the *Pioneer* and *Cheney* decisions do not alter the fact that a determination of excusable neglect is an equitable one that necessarily involves consideration" of all the factors. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003). As such, it is a flexible standard that takes "into account all the relevant circumstances" and is not a mechanical test. *Fisher Island Ltd. v. Fisher Island Inv., Inc.*, 518 F. App'x 663, 666 n.1 (11th Cir. 2013); *Advanced Estimating Sys. Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir. 1996).

When considering the reason for the delay, excusable neglect "may include, when appropriate, late filings caused by inadvertence, mistake, or carelessness under certain circumstances." *Locke v. SunTrust Bank*, 484 F.3d 1343, 1346 (11th Cir. 2007) (citing *Advanced Estimating Sys.*, 77 F.3d at 1324). However, mistakes of law by an attorney do not constitute excusable neglect. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997); *Cordell v. Pacific Indem. Co.*, 335 F. App'x 956, 960 (11th Cir. 2009). And while papers filed by a pro se party are liberally construed, they must "conform to procedural rules, including deadlines."

3

*Bailey*, 521 F. App'x at 921-22. Additionally, when considering the good faith factor, the Eleventh Circuit assesses "whether the movant intentionally sought advantage by untimely filing." *Yang v. Bullock Fin. Grp., Inc.*, 435 F. App'x 842, 844 (2011).

Applying the *Pioneer* factors, the Court finds that Plaintiff's failure to timely file the notice of appeal was a result of excusable neglect. First, the Court assesses the risk of prejudice to SPS, giving greater weight to this factor. SPS argues that it would be prejudiced because it has been defending itself for more than three years, the Court has already ruled it is not subject to sanctions, and it would incur additional costs of litigation. While there may be some prejudice to SPS, it is minimal. Plaintiff's email of March 13, 2023, which was copied to counsel for SPS, provided notice to SPS and the Court within the appeal period that Plaintiff was seeking to appeal the judgment and given Plaintiff's history in litigation and the current judgment against her it was foreseeable for Plaintiff to seek an appeal. *Compare Yang v. James R. Worrell, Gen. Agt., Inc.*, 512 F. App'x 997, 1000 (11th Cir. 2013) (non-movant and the court were prejudiced by the delay in filing a notice of appeal when there was no indication in the record that movant's counsel made any contact with opposing counsel or the court during the period of delay or gave any indication that movant wanted to continue the litigation). Further, the prejudice to SPS is outweighed by the prejudice to Plaintiff of not being able to file an appeal where she had made two distinct efforts to timely file, with the second effort thwarted by an event beyond her control that she promptly notified SPS and the Court about. The risk of prejudice to Plaintiff is significant if she is unable to file her notice of appeal as judgment was entered in favor of SPS. Therefore, this factor weighs in favor of Plaintiff.

Second, the Court assesses the length of the delay and its potential impact on the proceedings, giving greater weight to this factor. Here, the length of the delay can be measured in

4

hours and its potential impact on judicial proceedings is minor, if negligible, especially as Plaintiff included counsel for SPS in her email to chambers regarding the delay. Allowing Plaintiff an extension of time to file her notice of appeal would not inhibit efficient judicial administration. Thus, this factor weighs in favor of Plaintiff.

Third, the Court assesses the reason for the delay and whether the delay was within the reasonable control of the moving party. SPS asserts that this is the most important of the four *Pioneer* factors. The only case within the Eleventh Circuit cited by SPS for this proposition is *In re R.J. Groover Const., LLC*, 411 B.R. 484, 490-91 (Bankr. S.D. Ga. 2008), which relies on authorities outside of the Eleventh Circuit. The *R.J. Groover* gloss on *Pioneer* is inconsistent with the Eleventh Circuit cases set forth above, which have said prejudice to the nonmoving party and effect on judicial efficiency are the paramount factors, but all factors must be considered, and in some cases the reasons for the delay may be determinative, as in the case of mistakes of law.

In *R.J. Groover*, the failure to file a timely notice of appeal was intentional, not negligent. At issue was a bankruptcy court order denying an insurer's motion for stay relief to determine the extent of its liability for tort claims asserted against the debtors. The insurer chose not to file a notice of appeal because the underlying tort case was scheduled for trial and the insurer believed the trial would be concluded prior to the docketing of any appeal and moot its need for stay relief. However, the plaintiff in the tort case was unaware of the order denying stay relief and agreed to continue the trial until the insurer's motion for stay relief was resolved. The bankruptcy court found no excusable neglect because the insurer "establishe[d] only that it made a *voluntary election not to file a notice of appeal* based on the erroneous assumption that the state court litigation would conclude before the appeal was finalized." *Id.* at 492 (emphasis added).

5

As Plaintiff points out, neither *R.J. Groover*, nor any other cases cited by SPS, are on all fours with the facts here. *In re Rosenberg*, 724 F. App'x 882, 884-85 (11th Cir. 2018) and *In re Belcher*, 293 B.R. 265, 268 (Bankr. N.D. Ga. 2001) (Cotton, J.), both involved a mistake of law by an attorney, which is insufficient to show excusable neglect under Eleventh Circuit precedent. Plaintiff here has not asserted any misunderstanding about the deadline for filing a notice of appeal as the reason for her delay.

In *Bullock v. Cooper*, No. 4:19-cv-003, 2019 WL 11278558 (N.D. Ga. March 21, 2019), the debtor filed an untimely notice of appeal of a bankruptcy court order and never moved for an extension of the appeal deadline but raised excusable neglect when the appellee sought to dismiss the appeal. The district court found that the failure to file a motion to extend the deadline prevented the grant of an extension. But even if the court could grant an extension, the debtor's assertion that she did not receive notice of the bankruptcy court's order due to a stalker destroying her mailbox did not show excusable neglect because under Rule 9022 lack of notice of an order "'does not affect the time to appeal or … authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002.'" *Id.* at *2-3 (quoting Fed. R. Bankr. P. 9022). Plaintiff here has not asserted a lack of notice of entry of the orders she seeks to appeal.

In *Lehr Construction Corp*, No. 16-cv-4048, 2017 WL 464428 (S.D.N.Y Feb. 2, 2017), the movant sought to extend the time to appeal a bankruptcy court order because movant's counsel did not know the deadline for filing a bankruptcy appeal and because counsel had Parkinson's disease. *Id.* at *3. As in the Eleventh Circuit, the mistake of law regarding the deadline did not constitute excusable neglect. *Id.* The disability argument had not been raised in the bankruptcy court and was waived. *Id.* at *4. But even if it had not been waived, illness or disability of a party or an attorney does not constitute excusable neglect in the absence of extraordinary

6

circumstances. *Id.* In *Lehr Construction*, the attorney had known about his illness for nearly 10 months before the notice of appeal was due and did not explain why the illness prevented him from timely filing a notice of appeal. *Id.* Plaintiff here has not asserted illness or disability as the basis for her delay.

Plaintiff asserts the reason for her delay was inadvertently leaving the notice of appeal at home when she first went to the Courthouse and getting a flat tire on her return trip to the Courthouse. SPS argues that this delay does not constitute excusable neglect because Plaintiff waited until the last minute to file the appeal. Again, the cases cited by SPS do not support its position as they involve attorneys who missed the deadline to file a notice of appeal because they were busy with other matters that they had notice of and that were within their control. *In re Sheedy*, 875 F.3d 740 (1st Cir. 2017) (no excusable neglect when counsel missed the deadline to file an appeal because his full attention was occupied by important religious holidays as he was aware of the holidays in advance and could have planned for them); *In re National Century Fin. Enter., Inc.*, No. 2:06-cv-883, 2007 WL 912216 (S.D. Ohio March 23, 2007) (no excusable neglect when counsel missed deadline to file an appeal because "the simplistic nature of filing the notice of appeal and additional time allowed to formulate the issues on appeal clearly negates" that excuse); *Chung v. Lamb*, 794 F. App'x 773, 777 (10th Cir. 2019) (no excusable neglect when counsel missed the deadline to file an appeal due to her errors in trying to access the court's ECF system because "the real cause of the late notice of appeal was … waiting until at or near the deadline to prepare the notice of appeal.").[2] In contrast to these cases, Plaintiff's flat tire was out

---

[2] SPS also cites to *Chao Lin v. U.S. Att'y Gen*., 677 F.3d 1043, 1046 (11th Cir 2012), and *Justice v. Town of Cicero, Ill.*, 682 F.3d 662 (7th Cir. 2012), both of which are inapplicable because they considered the circumstances in which the court is "inaccessible" for purposes of Fed. R. App. P. 26(a)(1) and Fed. R. Civ. P. 6(a)(3) respectively, and not whether a party had shown excusable neglect. SPS also cites to *In re Sands*, 328 B.R. 614 (Bankr. N.D.N.Y. 2005), which is also inapplicable because it relates to debtor's counsel's attempt to file a bankruptcy petition via ECF in time to stop a foreclosure sale and failing to do so because the system was slow.

of her control. Additionally, as the Eleventh Circuit recognized in *Locke,* untimely filing due to mistake or carelessness may still constitute excusable neglect. Thus, Plaintiff's initial mistake of forgetting the notice of appeal at home does not weigh against her in the analysis. Therefore, this factor weighs in favor of Plaintiff.

Lastly, the Court assesses whether the appellant acted in good faith by determining whether Plaintiff intentionally sought advantage by untimely filing. Here, there is no indication that Plaintiff intentionally filed her notice of appeal late in order to seek an advantage, therefore Plaintiff acted in good faith as there is no evidence to the contrary. Thus, this factor weighs in favor of Plaintiff.

In weighing these factors, with greater weight accorded to the first and second factors of risk of prejudice to SPS and efficient judicial administration, the Court finds that Plaintiff has shown excusable neglect for her failure to timely file a notice of appeal. Therefore, the Motion is timely filed under Rule 8003(d)(1)(B). Based on the circumstances described in the Motion and the finding of excusable neglect, the Court will grant the requested extension. Accordingly, it is

ORDERED that the Motion is GRANTED and the time for Plaintiff to file a Notice of Appeal of the February 27, 2023 Opinion and Judgment and other prior interlocutory orders is extended to fourteen (14) days from entry of this Order; it is further

ORDERED that Plaintiff's request to allow the current Notice of Appeal to be accepted is DENIED because it does not comply with Fed. R. Bankr. P. 8003(a)(3); Plaintiff is directed to timely file a Notice of Appeal.

**END OF DOCUMENT**

**Distribution List**

Shirley White-Lett
456 North Saint Marys Lane
Marietta, GA 30064

Phillip George
Holland & Knight LLP
1180 West Peachtree Street, NW
Suite 1800
Atlanta, GA 30309

Alan Michael Hurst
Akerman LLP
Suite 725
170 South Main Street
Salt Lake City, UT 84101

Chandler P. Thompson
Akerman LLP
Suite 725
170 South Main Street
Salt Lake City, UT 84101